**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-4841

OMADAT SINGH,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-34)

Submitted: March 31, 1998

Decided: May 11, 1998

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David E. Boone, Andrea C. Long, BOONE, BEALE, COSBY &
LONG, Richmond, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, James B. Comey, Assistant United States Attorney,
Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Omadat Singh was convicted after a bench trial of possession with intent to distribute more than fifty grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). He appeals, contending that the evidence was insufficient. We affirm.

I.

We take the facts in the light most favorable to the government. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). Narcotics detectives in the City of Richmond, Virginia, patrolled the Church Hill area looking for Singh because he had made a controlled purchase of crack cocaine from an informant earlier in the evening. Detectives saw Singh in a rental car with a female passenger, Monica Quince, and stopped him. As officers approached the car, one of the occupants threw a package containing crack cocaine from the front passenger window.

When officers arrested Singh, he gave them his address, and Quince identified the apartment in which Singh lived. Officers obtained a search warrant and found in one bedroom a pair of men's boots that Singh's ex-girlfriend identified as being similar to a pair Singh wore. One of the boots hid 247.6 grams of crack cocaine. Officers also found 99.2 grams of crack cocaine in the utility room adjacent to the kitchen, 250 grams of powder cocaine, approximately $7800 in cash, firearms, and scales.

At trial, Quince testified that she did not throw the package containing crack cocaine out of the car window. She also testified that she had visited Singh at the apartment, he told her he lived alone, and she saw his clothes and mail in the apartment. Quince also saw female clothing in the apartment. Singh explained that the clothes belonged to his ex-girlfriend, Tracy Lawrence, and were in the apartment because she had not retrieved them and because the apartment was leased in her name. Lawrence testified that she and her son had lived

2

with Singh at the apartment but that they moved to Virginia Beach. Lawrence also stated that she gave Singh permission to live in the apartment until he found another place to live, kept the apartment in case her move to Virginia Beach was unsuccessful, visited the apartment occasionally to pick up mail, and did not leave crack cocaine in the apartment.

After the government presented its case-in-chief, Singh moved for judgment of acquittal on the ground that the government failed to prove that Singh constructively possessed the crack cocaine. The district court denied the motion, and the defense rested without presenting any evidence. The district court found Singh guilty of possession with intent to distribute crack cocaine. The court sentenced him to 168 months imprisonment to be followed by a five-year term of supervised release. Singh timely appeals.

II.

Singh challenges the sufficiency of the evidence to support his conviction. When reviewing a sufficiency of the evidence claim, we will sustain the fact finder's verdict if there is substantial evidence to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Burgos, 94 F.3d at 862.

To support a conviction for possession with intent to distribute a controlled substance, the government must show possession of the controlled substance both knowingly and intentionally with intent to distribute.* See United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993). Possession may be actual or constructive. Constructive possession may be established by circumstantial or direct evidence and exists when the government shows ownership, dominion, or control over the item, see id., and knowledge of its presence. See United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992).

_____

*Singh stipulated that the amount of crack cocaine involved in the offense evidenced an intent to distribute, and he does not challenge that on appeal.

3

We find that the evidence was sufficient to convict Singh. Officers arrested Singh after he made a controlled purchase from an informant and was stopped in car from which a package of crack cocaine was thrown. Singh gave the officers his address, and testimony disclosed that Singh lived in the apartment alone. He therefore had control over the place where the crack cocaine was seized. See Nelson, 6 F.3d at 1053. He also had knowledge of its presence because officers discovered crack cocaine in a boot that was identified as being similar to a pair Singh wore. See Bell, 954 F.2d at 235. Although Singh contends that he did not constructively possess the crack cocaine because the apartment was not leased to him and more than one person had access to it, we do not weigh the evidence or judge the credibility of witnesses. See United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995); United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). Moreover, circumstantial evidence is sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis of innocence. See United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989).

Accordingly, we affirm Singh's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4